Reese, J.
delivered the opinion of the court.
This was an action against the administrator of Thomas Hardeman deceased, who was the endorser of a promissory note made payable at the Planters’ Bank, Nashville. Before the maturity of the note Thomas Hardeman died. The notary at the time of the protest, was informed of the death of Harde-man, but ignorant as to the fact whether he had an executor or administrator or either, but as Hardeman had resided at the time of his death in the town of Franklin, between which place and Nashville there is much intercourse, the notary upon enquiry might have been informed. He directed, however, through the mail, in due time, notice of the non-payment and protest, “to the legal representative of Thomas Hardeman deceased.” And the 1 principal question before the circuit court was whether notice so directed was sufficient in the absence of proof of its actual reception by the administrator. The court charged the jury, “that itwas insufficient, that the words “legal representative,” would apply in one connexion to the next of kin of a man, or those entitled to his personal property, and in another connex-ion would apply to his executor or administrator.” A verdict upon this charge was found against the plaintiff, who moved for a new trial, which was refused, and he has thereupon prosecuted his appeal to this court, and the only question here is whether the charge of the circuit court upon this point shall be held to be correct. And we are well satisfied that it is errone-\ ous. It is true as stated by the circuit court, that the phrase *541 “legal representative,” must sometimes be held to indicate the next of ldn, but this is not because the words are in themselves of vague and doubtful signification, and have never had affixed to them an ordinary and appropriate meaning, but because other words associated with them, or found in the context of some •instrument, or will or deed, may constrain those who expound such instrument, to depart from and abandon thelegal and ordinary signification of the terms. This fate not. unfrequently attends a large portion of the words of our language, and indeed of every language; the ordinary sense of particular phrases, however well ascertained, having to yield to the sense and meaning of the context and to the scope and purpose of the instrument. But upon the back of a letter there is no such context, or at any rate there was not upon the letter in question. If the ordinary meaning of the words in question, therefore, appropriately embraces an executor or administrator, they would constitute a sufficient direction.
It is held in a number of cases that the words “legal representative” are synonymous in their ordinary use with executor or administrator. See 2 Williams’ Ex’rs. 820: Med. and Gild 159. Se$ 1 Russ, and M. 587. But it is also ruled in other cases, “that the ordinary sense of the words, ‘legal representative,’ ” may be controlled by a different intention appearing upon the whole instrument, W. Ex. 822: 1 M. & K. 465: 3 Yes. 146. The words are alike descriptive of an executor or administrator, and would be appropriate to a case where a party directing the notice might be uninformed as to which of those offices specifically, the person to be notified was entitled. Upon the whole, we think the notice was well and '' sufficiently directed, and we, therefore, reverse the judgment./